IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY W. MCGRUDER, | § | |
| TDCJ-CID NO. 01462742, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-12-2727 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Gary W. McGruder, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. (Docket Entry No.1). For the reasons to follow, the Court will dismiss this habeas action with prejudice as time-barred.

I. BACKGROUND

Petitioner was convicted on October 9, 2007, of burglary of a habitation in the 272nd District Court of Brazos County, Texas, in cause number 06-03839-CRF-272. Punishment was assessed at forty years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner's conviction was subsequently affirmed and his petition for discretionary review ("PDR") was refused on May 6, 2009. *McGruder v. State*, No. 10-07-00348-CR, 2008 WL 5246473 (Tex. App.—Waco, 2008, pet. ref'd) (not designated for publication). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about August 4, 2009. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner filed a state habeas application in the

1

state district court on September 22, 2011,[1] which the Texas Court of Criminal Appeals denied without written order on the trial court's findings on December 14, 2011.[2] (Docket Entry No.1). Petitioner filed a second state habeas application on April 11, 2012,[3] which the Texas Court of Criminal Appeals dismissed on May 9, 2012,[4] for non-compliance. (*Id*.).

Petitioner executed the present federal habeas petition in September 2012. (Docket Entry No.1). Therefore, Petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the following grounds:

1. The state district court erred in denying a motion to suppress illegally obtained evidence;

2. Petitioner was denied the right to testify without fear of impeachment of prior convictions;

3. The state district court granted an improper motion in limine; and,

4. Petitioner was denied the right to counsel during pretrial identification procedures, which caused him to suffer irreparable harm from mistaken identity.

(Docket Entry No.1, pages 6-7).

## II.  STATUTE OF LIMITATIONS

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

---

[1] http://justiceweb.cobrazos.tx.us/Cripts/UVlink.isa/bodreaux/WEBSERV/CriminalSearch?  (viewed April 2, 2013).

[2] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2468543 (viewed November 14, 2012).

[3] http://justiceweb.cobrazos.tx.us/Cripts/UVlink.isa/bodreaux/WEBSERV/CriminalSearch?  (viewed April 2, 2013).

[4] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2483727 (viewed November 14, 2012).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on August 4, 2009, the last day petitioner could have filed a petition for writ of *certiorari*

in the United States Supreme Court. That date triggered the one-year limitations period which expired on August 4, 2010.

Petitioner did not file his first state habeas application until September 22, 2011, over a year after limitations expired. Therefore, the tolling provisions found in § 2244(d)(2) do not apply. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). The pending petition, executed in September 2012, years after limitations expired, is time-barred.

Although petitioner filed a response to the Court's Order of November 19, 2012, in which the Court ordered him to address the limitations bar and equitable tolling, he did not address either issue with respect to this habeas action. (Docket Entry No.6). Nor do petitioner's pleadings show that he is entitled to equitable tolling. To merit application of equitable tolling in context of § 2254, a petitioner must show that he pursued his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, __U.S.__, 130 S.Ct. 2549, 2560 (2010). Petitioner states no facts to show that any circumstance prevented a timely filing. Nor is this a case in which petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner proffers no reason why he waited a year after the Texas Court of Criminal Appeals refused his PDR to file his first state habeas application. Unexplained delays generally make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

5

The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions are DENIED.

The Clerk shall provide copies to the parties.

SIGNED at Houston, Texas, this 6th day of August, 2013.

                                                  MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE